DENNIS BRATTON, ET UX                    CIVIL ACTION NO. 5:07-700

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

SUMTER NETWORK DESIGN, INC.,             MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM ORDER**

Having thoroughly reviewed the record, including the written objections filed

to the *Report and Recommendation* of the Magistrate Judge previously filed herein

(Record Document 73), this Court concurs with the findings of the Magistrate Judge

under the applicable law.    For the reasons assigned in the Report and

Recommendation as well as the reasons outlined below,

The *Motion to Remand* (Record Document 59) is **DENIED**, all the claims

against Sumter Network Design, Inc. ("Sumter") and First National Bank, N.A.

("FNB") alleged in Plaintiff's Complaint are **DISMISSED with prejudice**, and the

*Motion to Dismiss or, in the Alternative, for Summary Judgment* (Record Document

54) is **DENIED as moot**.

For the first time, Plaintiffs in their *Objection to the Report and Recommendation,*

move to sever their claims against Sumter and FNB and assert a cause of action against

Sumter under Louisiana Civil Code article 1829(3).  Neither the motion to sever nor the

subrogation argument warrants departure from the Magistrate Judge's recommendations.

Courts routinely dismiss non-diverse parties in conjunction with denial of a motion

to remand on the basis of improper joinder.  See Ameen v. Merck & Co., 226 Fed. Appx. 363, 366 (5th Cir. 2007); Larroquette v. Cardinal Health 200, Inc., 466 F.2d 373. 374 (5th Cir. 2006).  As the Magistrate Judge noted in the Report and Recommendation, in order to find that a defendant has been improperly or fraudulently joined, the Court must find that "there is no reasonable basis for the district court to predict the plaintiff might be able to recover against an in-state defendant."  See Record Document 73 at 7 (citing Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc)).  Because this Court has concluded that Plaintiffs are unable to establish a cause of action against the non-diverse party in state court, dismissal with prejudice is appropriate.  Guillory v. PPG Indus., Inc., 434 F.3d 303, 307 (5th Cir. 2005) (affirming dismissal of Appellants' claims with prejudice "[b]ecause Appellants have no reasonable possibility of recovery against the individual defendants.")

Because they paid Sumter's debt to FNB, Plaintiffs contend that, by operation of law, they are subrogated to FNB's rights against Sumter.  See Record Document 75 at 7. Louisiana Civil Code article 1829(3) provides that legal subrogation occurs "[i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment."  Id.  However, Plaintiffs' Petition does not include a claim that Plaintiffs owed the debt with Sumter or for Sumter.  Rather, Plaintiffs' contention is that they did not owe the debt at all but were "require[d]" to pay it anyway. See Record Document 2-1, ¶ 30.

Accordingly, **IT IS ORDERED THAT** the *Motion to Remand* (Record Document 59) is hereby **DENIED**, all the claims against Sumter Network Design, Inc. ("Sumter")

and First National Bank, N.A. ("FNB") alleged in Plaintiff's Complaint are hereby **DISMISSED with prejudice**, and the *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Record Document 54) is hereby **DENIED as moot**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of March, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE